a The following rules of court have been adopted since the publication of the rules of court in 2 Harr. Rep. 161.
RULE 42. At the instance of the bar it is directed that objections to road and ditch returns be made in writing, and supported by affidavit, where the objections to the return rest upon facts not appearing from the record. (Pall Sessions, 1841.)
No. 43. In all cases of taking special bail, by the prothonotary, in vacation, reasonable notice of justification shall be given to the opposite party, or his attorney. (Fall Sessions, 1842.)
No. 44. In all actions ex contractu pending in this court, judgment for the plaintiff shall, on motion, be entered at the second term, unless there be an allegation, supported by regular affidavit, that there is a legal defence to the action. Such affidavit shall be filed during the term, unless the court do, on motion, enlarge the time. (Spring Sessions, 1845.)
No. 45. Notice of holding inquisitions on land, or of sale, shall be served personally on the defendant, if residing in the county. If he does not reside in the county, notice shall be served on the tenant, or if there be no tenant, shall be left at the mansion house, or other notorious place on the premises. (Pall Sessions, 1845.)
No. 46. It is ordered by the court, that in every action of ejectment, the defendant shall specify, by general description in the consent rule, for what premises he intends to defend; and shall consent in such rule to confess upon the trial, as well as lease entry and ouster, that the defendant (if he defends as tenant, or in case he defends as landlord, that his tenant) was, at the time of the service of the declaration in possession of such premises. (Spring Sessions, 1847.)
No. 47. It is ordered by the court, that in future, applicants for admission to the bar, subject to examination, shall be privately and fully examined by a committee of three members of the bar, to be appointed by the court; and shall be admitted only on the written report of the examining committee, or a majority of them, stating the qualifications of the applicant, and recommending his admission. (Spring Sessions, 1847.)
THIS was an action of replevin for a mare, tried in Kent at the May term, 1847. The pleas were, 1st, non cepit; 2d., justification as a constable under execution process against Peter Fisher; replication to the second plea, that the mare was not the property of Fisher.
The proof was, that Fisher bought the mare of John W. Webb, in April, 1846, for a cow and yearling and $20, which he was to secure by his note with approved surety. He delivered the cow and yearling to Webb, and Reuben Bowman agreed to become his surety on the note with the understanding that Bowman was to hold the mare as collateral security until the note was paid, and if not paid he was to have the mare, and pay Fisher for the cow and yearling. The mare was delivered to Fisher and continued in his possession until she was levied on by defendant on the execution of John Thompson, who was the real defendant in this case. This levy was made in August, 1846; the note of Fisher and Thompson to Webb fell due Sept. 3, 1846, and was paid by Bowman soon after maturity, who also paid Fisher $12, as the agreed price of the cow and yearling.
Smithers, for defendant. — 1. The private arrangement between Reuben Bowman and Peter Fisher may be good between themselves; but as to third persons, particularly as to creditors, it is null and void.
2. Possession of personal chattels, is always presumptive evidence to all the world of ownership.
Bates, for plaintiff. — Possession is evidence of ownership; but property may be hired or may be pledged. This case is not within our *Page 459 
act of assembly. A poor man is not to go without property, or be deprived of property, because he pledges it for security for the payment of it. This is the case of a defeasible sale. Fisher merely mortgaged or pledged this mare to Reuben Bowman. There may be a mortgage of personal property without being in writing. This is a mortgage subject to be redeemed by Fisher, upon his paying the note of $20.
Unless possession accompanies the transfer, it is fraudulent in case of an absolute sale. (Smith's Lead. Cases 40.) The property in this case was sold to Bowman, and the retention of the mare by Fisher was consistent with that sale; with the agreement of the parties; and therefore not fraudulent.
Smithers replied.
The Court charged, that the only question was, to whom did this property belong, at the time it was taken in execution, namely, Aug. 4, 1846?
Webb, in April, 1846, sold the mare to Fisher for $32, to be paid for by delivery of a cow and yearling at $12, and a note for $20, with a surety to be approved by Webb. Fisher took the mare home, the evening of the vendue. Reuben Bowman became the surety of Fisher in the note, upon Fisher agreeing that if Bowman was obliged to pay the note, and would pay Fisher for the cow and yearling, he was then to be the owner of the gray mare.
Such a transaction, however proper it might have been between the parties, is deemed legally fraudulent against creditors or third persons, and is void by our act of assembly. It induces a false credit, and may operate to the injury of persons trusting the apparent and supposed owner of the property, on the credit of such property. Possession of personal goods is evidence of property; and the retaining possession, after a sale of such goods, may deceive persons ignorant of the sale. From the danger of such consequences the legislature have thought proper to declare all such sales void against creditors.
 The jury, nevertheless, gave a verdict for plaintiff.